IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL L. SHELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00852-NCC |
| | ) | |
| OPTUM SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STIPULATION TO STAY PROCEEDINGS PENDING ARBITRATION**

Plaintiff Cheryl L. Shelton and Defendant Optum Services, Inc. (collectively, the "Parties"), by and through counsel, and subject to the Court's approval, jointly stipulate and move for an order referring Plaintiff's claims to arbitration under the 2015 UnitedHealth Group Employment Arbitration Policy, staying this action under 9 U.S.C. § 3, vacating Defendant's July 22, 2026 response deadline, and retaining jurisdiction while arbitration proceeds. In support, the Parties state as follows:

1. Plaintiff filed this action against Optum Services, Inc. asserting claims arising from her employment and April 16, 2025 termination, including claims under the Family and Medical Leave Act, the Americans with Disabilities Act, and the Missouri Human Rights Act. Defendant denies liability and preserves all defenses on the merits.

2. Defendant advised Plaintiff that it contends Plaintiff agreed to arbitrate employment-related disputes through a UnitedHealth Group Employment Arbitration Policy and acknowledgment dated May 18, 2015 ("Arbitration Agreement"). Defendant produced a copy of the Arbitration Agreement and acknowledgment to Plaintiff's counsel.

1

3. The Parties conferred to determine whether they could avoid contested motion practice concerning arbitration. Plaintiff requested confirmation of the operative policy, expanded discovery, a Missouri hearing location, protection against an overbroad construction of confidentiality, the cost allocation stated in the policy, and a stay rather than dismissal of this action.

4. On July 17, 2026, after consulting with Optum, defense counsel confirmed that Optum was authorized to stipulate to arbitration under certain terms. Defendant stated that the Arbitration Agreement previously produced to Plaintiff is the operative agreement for this dispute and will govern the arbitration. Defendant also agreed to expanded discovery, agreed to request St. Louis as the hearing location subject to the arbitrator's approval, confirmed its responsibility for arbitration specific administrative costs under the policy, and agreed that this action should be stayed pending arbitration.

5. On July 8, 2026, the Court extended Defendant's deadline to respond to the Complaint through July 22, 2026. Because the Parties now jointly request a stay and referral to arbitration, requiring an answer or Rule 12 response would cause unnecessary expense and motion practice.

## STIPULATED TERMS

6. Agreement to arbitrate. To avoid the expense and delay of contested arbitration motion practice, Plaintiff agrees to submit the claims pleaded in this action to binding arbitration, and the parties agree to arbitrate those claims, subject to the terms of the Arbitration Agreement, except as expressly modified by the parties' mutual agreement in this Stipulation. This Stipulation is not an admission by either Party concerning liability,

damages, the merits of any claim or defense, or the correctness of either Party's prior legal position concerning enforceability of the Arbitration Agreement.

7. Operative policy. The Arbitration Agreement, executed by Plaintiff on May 18, 2015, is the operative Agreement for this dispute. Defendant will not seek to apply a later version of the Arbitration Agreement to this arbitration. Except as expressly modified in this Stipulation, the Arbitration Agreement will govern.

8. Expanded discovery. In place of the 2015 Policy's default discovery limits, each Party may serve up to ten interrogatories, thirty requests for production, and ten requests for admission, and may take up to five days of depositions. A "day" of deposition means up to seven hours of testimony unless the Parties agree otherwise or the arbitrator directs otherwise.

9. Confidentiality and witness contact. The Confidentiality provision in Section C (8) of the Arbitration Agreement shall not be construed to prohibit either Party or counsel from contacting witnesses; investigating comparator evidence; communicating with a governmental agency as permitted or required by law; using information to prosecute or defend this arbitration; or making a filing in this Court that is permitted or required in connection with the stay, arbitral process, or any award. Nothing in this paragraph alters the attorney-client privilege, work-product protection, applicable privacy law, or either Party's right to seek a reasonable protective order for protected health information, personally identifying information, proprietary information, or confidential personnel records.

10. Hearing location. The Parties jointly agree the arbitration hearing be held in St. Louis, Missouri, subject to the arbitrator's approval to the extent required by Section 6 of the Arbitration Agreement.

11. Arbitration costs and statutory fee rights. Pursuant to Sections 1(a) and 25 of the Arbitration Agreement, once Plaintiff pays her portion of the required AAA administrative filing fee, Defendant will pay the administrative fees, arbitrator compensation, and other forum charges unique to arbitration. Nothing in this Stipulation waives any statutory right to seek attorney fees, expenses, costs, damages, equitable relief, or any other remedy.

12. Initiation and cooperation. Within 14 days after entry of the Court's order, Plaintiff shall initiate arbitration in the manner required by the Arbitration Agreement.

13. Stay and retained jurisdiction. This litigation shall be stayed, pending resolution of the dispute in arbitration, pursuant to Section 3 of the Federal Arbitration Act.

15. Effect on current deadlines. Upon entry of the requested stay, Defendant's July 22, 2026 deadline to answer or otherwise respond to the Complaint should be vacated. All other litigation deadlines should be stayed.

18. Authorization. Counsel for each Party has reviewed and approved the final text of this Joint Stipulation, authorized its filing as a joint submission, and authorized use of the electronic signature blocks below.

**REQUEST FOR RELIEF**

For these reasons, the Parties jointly request the Court: (1) approve the Parties' stipulation; (2) refer Plaintiff's claims to arbitration under the Arbitration Agreement, as modified above; (3) stay this action under 9 U.S.C. § 3; and (4) vacate Defendant's July 22, 2026 response deadline and stay all other merits deadlines.

Dated: July 22, 2026

| | |
|---|---|
| **HKM EMPLOYMENT ATTORNEYS LLP** | **JACKSON LEWIS P.C.** |

By: /s/ Joe M. Wientge, Jr.
Joseph M. Wientge, Jr., #57494MO

By: /s/ Kevin J. Dolley
Kevin J. Dolley, 54132MO
7382 Pershing Avenue, Suite 1W
St. Louis, Missouri 63130
Phone/Fax: (314) 642-6577
kdolley@hkm.com

Scarlett P. Keane, #77419MO
1 N. Brentwood Boulevard, Suite 1150
St. Louis, Missouri 63105
Telephone: (314) 827-3939
joe.wientge@jacksonlewis.com
scarlett.keane@jacksonlewis.com

**Attorneys for Plaintiff**

**Attorneys for Defendant**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court on July 22, 2026 and was served via the Court's electronic filing system upon the following:

Kevin J. Dolley
HKM Employment Attorneys LLP
7382 Pershing Avenue, Suite 1W
St. Louis, MO 63130
kdolley@hkm.com

*/s/ Joseph M. Wientge, Jr.*

5